# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. CR07-4068-MWB |
| vs. | **ORDER ON MOTION TO SEVER** |
| DAT VO, | |
| Defendant. | |

This matter is before the court on motion (Doc. No. 215) of the defendant Dat Vo to sever his trial from the trial of his codefendants. This case was commenced on September 27, 2007, with the indictment of seven individuals in connection with a marijuana manufacturing and distribution conspiracy. (*See* Doc. No. 1) Defendant Vo was added to the case in a twenty-one count Second Superseding Indictment returned on January 24, 2008. Defendant Vo is charged with one count of conspiracy to manufacture, possess with intent to distribute, and distribution of 1,000 or more marijuana plants and 1,000 kilograms of marijuana, within 1,000 feet of a playground or school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(a)(1), 846, and 860. (*See* Doc. No. 128, Count 2) In addition, Defendant Vo is charged with one count of conspiracy to launder money, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h). (*Id.*)

In the present motion, Vo claims his joinder with the other eight codefendants for trial[1] will cause him actual prejudice. He claims his joinder with the other defendants does not comply with Federal Rule of Criminal Procedure 8(b). He further argues the "two top defendants" are charged with a continuing criminal enterprise ("CCE"), the trial of which

---

[1] Vo has nine codefendants in the case; however, one defendant has already entered a change of plea and is scheduled for sentencing.

"will involve proof of management activities and money derived from the CCE," separate and apart from the proof of the conspiracy with which Vo is charged. He asserts the "spill-over effect of the evidence relating to the CCE . . . along with the evidence relating to the other counts in which he is not charged, will severely prejudice him, and make it impossible for the jury to assess his guilt or innocence on the evidence admissible just as to him." (Doc. No. 215-2 at 2)

The plaintiff resists Vo's motion to sever. (Doc. No. 223) In response to Vo's first argument, the plaintiff notes Rule 8(b) allows joinder of defendants who allegedly "'participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.'" (Doc. No. 223, quoting Fed. R. Crim. P. 8(b)) Because all ten of the defendants are charged in Count 2 with a single, common conspiracy, the plaintiff argues the requirements of Rule 8(b) have been met.

The court agrees. All ten defendants are charged with a conspiracy that encompasses a series of acts or transactions constituting the alleged offense. Vo's allusion to Rule 8(b) is vague and is unsupported by argument or authorities. The court finds this argument to be unavailing and **denies** Vo's motion to sever on this basis.

In response to Vo's argument that he will be prejudiced by joinder for trial, the plaintiff argues the evidence of which Vo complains – that is, evidence relating to proof of management activities and money derived from the CCE – "is actually relevant evidence relating to [Vo's] role in the charged conspiracy." (Doc. No. 223 at 3) The plaintiff further argues the jury should have no difficulty compartmentalizing the evidence relating solely to Vo because Vo did not participate in growing the marijuana, and his "role is clear as a purchaser and distributor of the marijuana generated by the conspiracy." (*Id.* at 4) The plaintiff notes Vo has failed to point to any specific prejudice he would suffer, only offering "broad statements and factually unsupported conclusions to support his request for severance[.]" (*Id.*)

Regarding joinder of trials, the United States Supreme Court has held:

> Rule 8(b) states that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials "play a vital role in the criminal justice system." *Richardson v. Marsh*, 481 U.S. 200, 209, 107 S. Ct. 1702, 1708, 95 L. Ed. 2d 176 (1987). They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. *Id.*, at 210, 107 S. Ct., at 1708. For these reasons, we repeatedly have approved of joint trials. *See ibid.*; *Opper v. United States*, 348 U.S. 84, 95, 75 S. Ct. 158, 165, 99 L. Ed. 101 (1954); *United States v. Marchant*, 12 Wheat. 480, 6 L. Ed. 2d 700 (1827); *cf.* 1 C. Wright, Federal Practice and Procedure § 223 (2d ed. 1982) (citing lower court opinions to the same effect). But Rule 14 recognizes that joinder, even when proper under rule 8(b), may prejudice either a defendant or the Government. Thus, the Rule provides:
>
>> If it appears that a defendant or the government is prejudiced by a joinder of . . . defendants . . . for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

*Zafiro v. United States*, 506 U.S. 534, 537-38, 113 S. Ct. 933, 937, 122 L. Ed. 2d 317 (1993).

However, "[a] defendant is not entitled to severance merely because the evidence against a co-defendant is more damaging than the evidence against him. . . . Severance becomes necessary [only] where . . . a jury could not be expected to compartmentalize the evidence as it relates to separate defendants." *United States v. Mathison*, 157 F.3d 541, 546 (8th Cir. 1998). Vo has made no specific claims that are sufficient to overcome the

3

preference for a joint trial. *See United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002). "Where multiple defendants are tried together, the risk of undue prejudice is best cured through cautionary instructions to the jury." *United States v. Boone*, 437 F.3d 829, 838 (8th Cir. 2006) (citing *United States v. Mickelson*, 378 F.3d 810, 817 (8th Cir. 2004)).

Vo has failed to meet his burden to show he would suffer serious prejudice from joinder with his codefendants for trial. His motion to sever is **denied**.

**IT IS SO ORDERED.**

**DATED** this 10th day of March, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT